[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Bridgeport on June 26, 1982. There are two minor children issue of the marriage — Marissa, born May 31, 1983 and Gregory, born April 3, 1985. The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved. Both parties were at fault for the breakdown.
The plaintiff's brothers had a landscaping business. After the birth of the two children the plaintiff went to work for her brothers. Such work required her to be away from home at times, for long and late appointments to meet with potential clients, to survey the work the clients wanted and to prepare estimates of charges for the work. The defendant objected to the plaintiff doing this work because it kept her away from the children when the defendant thought she should be with them. This became a topic of great dissention between the parties. CT Page 3366
The defendant had been having low back pain for some time and in 1987 was involved in an accident where a truck collided with his car from the rear. This collision caused the defendant to have problems in his back concerning the discs at C 4-5 and L 5-6. He had an operation for the C 4-5 problem in November 1987 and for the other back area in 1992. In the interval between the two operations his problems were exacerbated by another accident involving his car. His doctor prescribed certain pills for the pain he was experiencing in his back. He continued to use pills for the pain he is having and over the years he has become dependent on the drugs he was using but allegedly was not addicted to them.
The plaintiff testified that the problems the parties were encountering in the marriage caused the marriage to break down irretrievably by May 1991.
The defendant testified that the marriage had broken down irretrievably by November 6, 1992.
The parties tried to reconcile by going on vacations and to sessions with a marriage counsellor. These efforts proved to be of no avail.
The defendant was very positive in his testimony concerning dates, times and places. His credibility can be evaluated by his testimony concerning events on the night of January 2, 1993. Sometime before 11 P.M. he said he telephoned the family home in Ansonia. His sister-in-law Loretta Hrostek was there babysitting for the children. She became terrified by the defendant's calls and immediately dialed the Ansonia Police on 911. This call was recorded by the police at 1:18 A.M., and an officer was dispatched to the parties home at 1:19 A.M. The written documents recording these times are accepted as fixing the time of the calls. The court therefore cannot believe the defendant in this instance, or in many other aspects of the case.
The plaintiff testified the defendant was 85% to blame for the breakdown. The defendant testified the plaintiff was 60% blame and he was 40% to blame.
The court finds that the fault for the breakdown, whatever percentage is used, was greater by the defendant than the plaintiff. CT Page 3367
The court also cannot determine from the evidence when the plaintiffs new gentlemen friend came into the picture in relation to the time of the breakdown, whenever that occurred.
Custody of the children is awarded solely to the plaintiff. The defendant shall have rights of reasonable visitation with them. If the parties cannot agree on a schedule for visitation, as they have been able to do in the past, on motion, the court will do so.
The defendant is now on unemployment compensation but presently has hopes of being employed in the near future. Until he is so employed or exhausts his unemployment compensation, he shall pay $100 a week to the plaintiff for support of the two children. When and if he becomes employed he shall advise the plaintiff and the court, on motion, shall determine what he shall then pay support for the children; for any unpaid medical or dental bills, for payments ordered by the court for the benefit of the children, for reimbursement to the plaintiff for monies expended by her for the defendant's share of such expenses as he should have paid had he been employed and for medical and other insurance for the children and for insurance on his own life to secure any payments by him for the children.
The defendant shall pay the plaintiff as alimony $1 a year for 10 years or until modified by the court after motion made.
The plaintiff's claim for her share of the settlement of the defendant's lawsuit entitled Jacko v. I.U.O.E., No. CV88 025230 in this court is not ruled on now because the defendant has disbursed all the proceeds of the settlement.
The court shall retain jurisdiction over the question of the pension, if any, of the defendant.
The plaintiff shall have exclusive use of the possession of the marital residence until the eighteenth birthday of the younger child, until she remarries, dies, cohabits within the meaning of the statute, or wishes to sell the property; at which time of any of said events the property shall be sold. The net proceeds of the sale shall be divided between the parties as the court so directs after full hearing, in an equitable manner, considering all the circumstances which have relevance to the division of the proceeds.
Until the marital residence is sold the plaintiff shall be responsible for the payment of the first and second mortgages, CT Page 3368 utilities, and normal expenses to operate the residence, and shall indemnify and hold harmless the defendant from liability therein. The parties shall share equally the cost of any repair in excess of $350, which repair shall also include exterior painting.
The parties shall be responsible for the fees and expenses of their own respective attorney in connection with this action and shall share equally any fees and expenses due Attorney Quigley for representing the minor children herein.
Each party shall retain and keep the car or cars they are now driving and shall exchange any documents necessary to confirm title to the said cars.
The plaintiff shall have and retain the contents of the marital residence. Each party may keep their own clothing and personal effects. The children's bonds shall belong to the children and neither party may take them for their own use.
The plaintiff shall be responsible for and pay her own debts and the defendant shall be responsible for and pay his own debts.
The court retains jurisdiction as to any matter not fully covered by the above rulings and as to any inchoate matter.
THOMAS J. O'SULLIVAN, TRIAL REFEREE